**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keitha Tucker, <br><br> Plaintiff, <br><br> v. <br><br> City of Avondale, et al., <br><br> Defendants. | No. CV-23-02078-PHX-GMS <br><br> **ORDER** |

Pending before this Court is Defendants' partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 22). For the following reasons, Defendants motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Keitha Tucker is the mother of Amarion Hope. (Doc. 14 at 1.) On February 21, 2023, Avondale Police Officer Cardenas Duarte ("Defendant") received a shoplifting complaint from Family Dollar store. (*Id.* at 2.) In responding to the call, Defendant Cardenas Duarte encountered Hope walking in a vacant lot next to the dry Agua Fria riverbed. (*Id.*) Defendant Duarte approached and attempted to detain Hope. (*Id.*) "[A] struggle ensued; and [Hope] broke free." (*Id.*) Defendant Duarte fired his pistol five times; "the fourth or the fifth shot was the fatal one." (*Id.* at 3.)

Plaintiff filed a Complaint (Doc. 1), which was later amended on November 22, 2023. The First Amended Complaint (Doc. 14) accuses Defendants Duarte and the City

of Avondale of (1) battery and wrongful death and (2) negligence per se. (Doc. 14 at 6-8.) Furthermore, Plaintiff alleges that Defendant Duarte violated the Fourth Amendment by using unreasonable force and the Fourteenth Amendment by interfering with familial relationships. (*Id.* at 9–11.) In response, Defendants filed an Answer (Doc. 21) and Partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 22).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**I.   Count II – Negligence Per Se**

    **A.  Legal Standard**

"As a general matter, a claim for negligence per se must be based on a statute enacted 'for the protection and safety of the public.'" *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 139, 318 P.3d 419, 433 (Ariz. Ct. App. 2014) (quoting *Good v. City of Glendale*, 150 Ariz. 218, 221, 722 P.2d 386, 389 (Ariz. Ct. App. 1986)). The statute must "express rules of conduct in specific and concrete terms as opposed to general or abstract principles." *Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 126 Ariz. 227, 229, 613 P.2d 1283, 1285 (Ariz. Ct. App. 1980). Moreover, "a fundamental

requirement in applying the doctrine of negligence per se is that the party asserting negligence per se be a member of the class intended to be protected by the statute or regulation." *Delgado v. S. Pac. Transp. Co.*, 763 F. Supp. 1509, 1517 (D. Ariz. 1991).

### B. Analysis

A.R.S § 13-410(C) authorizes an officer to use deadly force when that officer (1) "reasonably believes that it is necessary" to protect himself or a third person from what the officer "reasonably believes to be the use or imminent use of deadly physical force" and (2) needs to arrest or prevent the escape of a person the officer "reasonably believes" is dangerous. Because A.R.S § 13-410(C) requires "further inquiry [into] the circumstances or reasonableness of" the officer's use of deadly force, a negligence per se claim is not permissible. *See Ibarra v. Gastelum*, 249 Ariz. 493, 495, 471 P.3d 1028, 1030 (Ariz. Ct. App. 2020) (quoting *Deering v. Carter*, 92 Ariz. 329, 333, 376 P.2d 857 (1962)) (alteration in original).

## II. Count III – Unreasonable Use of Force

The parties stipulated on the record that Plaintiff would amend Count III to plead that Plaintiff is the Informal Special Administrator for the Estate of Hope, which grants Plaintiff the general powers of a personal representative over Hope's estate. Thus, the Court will not determine whether Plaintiff lacks standing to assert Count III.

## III. Count IV – Loss of Family Relationship

### A. Legal Standard

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The Ninth Circuit recognizes that a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child, and that a 'child's interest in her relationship with a parent is sufficiently weighty by itself to constitute a cognizable liberty interest.'" *Curnow ex. Rel. Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) (internal citations omitted) (quoting *Smith v. City of Fontana*, 818 F.2d 1411, 1419 (9th Cir. 1987)). "[O]nly official conduct that 'shocks the

conscience' is cognizable as a due process violation." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Under the Fourteenth Amendment, "where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). Legitimate law enforcement objectives include "arrest, self-protection, and protection of the public." *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022) (quoting *Foster v. City of Indio*, 908 F.3d 1204, 1211 (9th Cir. 2018). Illegitimate law enforcement objectives include an officer acting with ulterior motives to bully or get even with a suspect. *Id.*

### B. Analysis

Plaintiff alleges that Defendant Duarte's use of deadly force was not a legitimate law enforcement activity because Defendant Duarte did not know if Hope was armed. (Doc. 14 at 11.) Defendant Duarte only knew that Hope had "something in his right pocket." (*Id.* at 3.) Additionally, according to Plaintiff, Defendant Duarte shot Hope in the back and "started dumping rounds on him" as Hope "ran toward an empty desert" because Defendant Duarte was angry "after having been knocked over by a skinny, homeless, potentially mentally-disturbed teenager." (*Id.* at 2–4, 11.)

Plaintiff has sufficiently pled that Defendant Duarte's actions were unrelated to legitimate law enforcement objectives because no members of the public were in an empty dessert, and Hope was running away from Defendant Duarte. A review of the footage provided by Defendants does not resolve all possible issues in this claim in favor of Defendants. Thus, Defendants motion to dismiss Count IV is denied.

### IV. Doe Defendants

In the case caption, Plaintiff names as defendants Jane Doe Duarte and Does 1–20. (Doc. 14.) Plaintiff, however, fails to allege any facts regarding what the fictitiously named defendants did or did not do. Moreover, Plaintiff fails to show how Jane Doe Duarte and Does 1–20 are connected to Counts I–IV. Therefore, Jane Doe Duarte and Does 1–20 are

dismissed from this action.

V. **Punitive Damages**

Plaintiff concedes she is not entitled to punitive damages on any state law claims or claims against the City of Avondale. (Doc. 28 at 3.) Thus, the Court dismisses Plaintiff's request for punitive damages on Counts I and II, as well as Counts III and IV as it pertains to the City of Avondale.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 22) is **granted in part** and **denied in part**. The Court grants Defendants' Motion regarding Count II, Doe Defendants, punitive damages for all state law claims, and punitive damages against the City of Avondale. The Court denies Defendants' Motion concerning Count IV. Plaintiff is granted thirty days from the date of this Order within which to file an amended pleading that cures the deficiencies discussed above.

Dated this 8th day of May, 2024.

_____
G. Murray Snow
Chief United States District Judge